**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. |
| : | 1:02-CR-0633-3-JOF |
| v. : | |
| : | CIVIL ACTION NO. |
| ALGIE MC CRARY, : | 1:05-CV-2088-JOF |
| : | |
| Defendant. : | |
| : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's *pro se* motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2255 [109-1].

Petitioner, Algie McCrary, was convicted of conspiring to commit identity theft and social security number fraud, in violation of 18 U.S.C. § 371, and for actually committing identity theft and social security number fraud in violation of 18 U.S.C. § 1028(a)(7) and 42 U.S.C. § 408(a)(7). Petitioner was sentenced to 85 months' imprisonment, three years' supervised release, and a $200 special assessment. He was also ordered to pay $191,305 in restitution. Petitioner appealed and the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence in an opinion dated June 2, 2004 and issued as mandate on July 2, 2004. The Eleventh Circuit found that the Government had

AO 72A
(Rev.8/82)

presented sufficient evidence from which a jury could conclude that Petitioner was guilty of committing these crimes.

On August 5, 2005, Petitioner filed the instant § 2255 motion. Petitioner contends that his sentence was unconstitutional based on the United States Supreme Court's pronouncements in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Petitioner argues that *Blakely* and *Booker* apply retroactively on collateral review.

Petitioner's conviction became final in October 2004 (at the expiration of a ninety-day period in which he could have petitioned for a writ of certiorari from the Supreme Court). *Booker* was issued on January 15, 2005. Contrary to Petitioner's assertions, the United States Court of Appeals for the Eleventh Circuit has determined that the Supreme Court's ruling in *Booker* does not apply retroactively on collateral review. *See*, *e.g.*, *Varela v. United States*, 400 F.3d 864, 967-68 (11th Cir. 2005).

*Blakely* was decided on June 24, 2004, between the time the Eleventh Circuit issued its opinion affirming Petitioner's conviction and when it became the mandate of the court. Even if Petitioner would argue that his counsel should have anticipated *Booker* and raised a *Blakely* argument while Petitioner's case was on direct appeal, he would not have succeeded because the Eleventh Circuit has also held that a *Blakely/Booker* argument is waived if it is not made in the initial briefing. *See*, *e.g.*, *United States v. Dockery*, 401 F.3d 1261 (11th Cir. 2005). Further, counsel is not ineffective for failing to raise such an argument. *See United*

2

*States v. Ardley*, 273 F.3d 991 (11th Cir. 2001). For these reasons, the court finds that *Blakely* and *Booker* do not apply to Petitioner's sentencing.

In one paragraph at the conclusion of his motion, Petitioner also asserts that he was denied effective assistance of counsel because his counsel failed to: (1) review discovery material with the defendant, (2) prepare or call certain witnesses, (3) provide an appropriate challenge to the government's case, (4) interview defense witnesses, (5) make requested *Apprendi* objections, (6) raise requested issues on appeal, and (7) properly communicate with defendant. *See* Motion, at 34-35. Petitioner provides no more factual detail to his claims than this listing, but rather states that at a hearing, he will show that these deficiencies fall below the reasonable standard of performance for counsel.

Petitioner's conclusory allegations do not entitle him to an evidentiary hearing. *See, e.g.*, *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (no evidentiary hearing where petitioner raises "unsupported allegations, conclusory in nature and lacking factual substantiation"). Furthermore, Petitioner fails to assert that his counsel's alleged deficiencies actually prejudiced him in any manner. Thus, the court finds Petitioner's ineffective assistance of counsel claim without merit.

For the foregoing reasons, the court DENIES Petitioner's *pro se* motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2255 [109-1].

**IT IS SO ORDERED** this 24th day of March 2006.

3

_s/ J. Owen Forrester_
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)